FILED
2011 Jan-04 PM 01:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION

ALAIN J. EHRHARDT,            }
                              }
     Plaintiff,               }
                              }    CIVIL ACTION NO.
v.                            }    08-AR-02130-S
                              }
G&N RESTAURANTS, LLC,         }
                              }
     Defendant.               }
```

## **MEMORANDUM OPINION**

This case has taken some strange twists and turns. It is before this court for consideration of the report and recommendation of a magistrate judge who ordered it reassigned because he lacked the authority to translate his report and recommendation into a final, appealable order.

The original complaint was filed on October 26, 2008, by Alain J. Ehrhardt ("Ehrhardt") against his former employer, G&N Restaurants, LLC ("G&N"), in the Circuit Court of Jefferson County, Alabama, from which G&N removed it to this court based on diversity under 28 U.S.C. §1332. The notice of removal was filed within thirty (30) days after Ehrhardt admitted that he seeks more than $75,000. There was no motion to remand, despite the fact that the original complaint was filed more than thirty (30) days before the removal, and, in this court's opinion, could easily have been understood to seek more than $75,000, despite the absence of an *ad damnum* in the complaint.

The complaint contains three separate claims: (1) that G&N violated the Alabama Age Discrimination in Employment Act ("AADEA"); (2) that G&N breached its employment agreement with Ehrhardt; and (3) that G&N committed fraud upon Ehrhardt.

Within the time provided in the magistrate judge's scheduling order, G&N filed a motion for summary judgment. The magistrate judge, who could not rule dispositively on the motion, recommends that G&N's motion for summary judgment as to Ehrhardt's contract and fraud claims be granted, but be denied as to his age claim. The magistrate judge granted the parties fourteen (14) days within which to file objections to his report and recommendation. Ehrhardt conspicuously filed no objections, and just as conspicuously, did not respond to G&N's timely objections. G&N does not object to the magistrate judge's recommendation that two of Ehrhardt's claims be knocked out, but strenuously objects to the recommendation that its Rule 56 motion be denied as to the Alabama statutory claim of age discrimination. After reviewing the whole record, this court finds itself in total agreement with the magistrate judge that the contract and fraud claims are not viable. Ehrhardt agrees, having made no objection. Accordingly, the court will adopt the report insofar as it recommends dismissal of the contract and fraud claims.

This court is puzzled by the allegation in paragraph 39 of the original state court complaint that Ehrhardt exhausted his EEOC

obligations before filing his age claim.  This court can find no administrative prerequisites for the filing of an AADEA claim.  AADEA is admittedly patterned after ADEA in all respects here relevant.  Both statutes preclude employment discrimination against persons over 40 years of age.  Ehrhardt was 57 when his job was done away with by a person or persons considerably older than he.  Why Ehrhardt did not invoke the federal age discrimination statute is unexplained, unless Ehrhardt wanted a state forum, and that when he filed suit he was unaware that his employer was, in fact, a diverse entity.  Another explanation may be that Ala. Code § 25-1-29 (AADEA) precludes the invocation of both the ADEA and the AADEA in a state court.

In any event, for the purposes of this opinion, the AADEA and the ADEA are identical.  They both provide, using precisely the same language, a remedy for discrimination "**because of age**", that is, that plaintiff's age is the "but for" or "only" motivation for the adverse employment decision.

A year after this case was filed, *Gross v. FBL Financial Services, Inc.*, ___ U.S. ___, 129 S.Ct. 2343 (2009), was decided by the Supreme Court.  The implications in *Gross* have not been addressed by Ehrhardt and were not available to the magistrate judge.  After *Gross*, this court expressed itself on the expansive meaning of *Gross* in *Culver v. Birmingham Board of Education*, 646 F.Supp.2d 1270 (N.D. Ala. 2009), a case that may not apply to his

case, although Ehrhardt, like Culver, has pursued more theories than the age theory.  *Culver* does not preclude Ehrhardt's AADEA claim, because his other claims are not discrimination claims.

The magistrate judge correctly treated the AADEA claim as if it were an ADEA claim.  *Gross* interposed itself while the case was pending.  If Ehrhardt disagrees with this court's reading of *Gross*, he has not availed himself of the opportunity to express that disagreement.  The magistrate judge, in evaluating Ehrhardt's age claim, employed the classic method for analyzing race, religion, etc., discrimination claims brought under Title VII, with burden shifting, pretext, etc.  *Gross* now binds all federal courts to employ its way of looking at ADEA cases, and, by implication or extension, the way to look at AADEA cases.  The *Gross* court came down hard on the distinction between the ADEA and other employment discrimination statutes:

> Petitioner relies on this Court's decisions construing Title VII for his interpretation of the ADEA.  Because Title VII is materially different with respect to the relevant burden of persuasion, however, these decisions do not control our construction of the ADEA.
>
> * * * *
>
> This Court has never held that this burden-shifting framework applies to ADEA claims.  And, we decline to do so now.  When conducting statutory interpretation, we "must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination."  *Federal Express Corp. v. Holowecki*, 552 U.S. 389 ____, 128 S.Ct. 1147, 1153, 17 L.Ed.2d 10 (2008).  Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a

4

>  motivating factor.  Moreover, Congress neglected to add
>  such a provision to the ADEA when it amended Title VII to
>  add §§ 2000e-2(m) and 2000e-5(g)(2)(B), even though it
>  contemporaneously amended the ADEA in several ways, see
>  Civil Rights Act of 1991, § 15, 105 Stat. 1079; *id.*, §
>  302, at 1088.

If the Eleventh Circuit should disagree with this court's reading of *Gross*, and/or should disagree with how to apply *Gross* under Rule 56 analysis to an AADEA case, and/or should disagree with this court's belief that the Supreme Court of Alabama would follow the Supreme Court of the United States in its consideration of an Alabama statute that is in all relevant respects identical to a previously construed federal statute, the Eleventh Circuit can certify the question of Alabama law to the Supreme Court of Alabama.  This thought is based on the assumption that Ehrhardt will appeal.

Ehrhardt, in his deposition, categorically admits that G&N, a high-end restaurant, was hemorrhaging money and was retrenching in a valiant effort to stay in business.  He does not, and cannot, deny that business necessity was at least **a** motivating, if not the deciding, factor in G&N's decision to reduce staff, even at the expense of eliminating a 57 year-old's position.  Ehrhardt does not even allege that his age was G&N's **only** motivation.  Under *Gross*, a plaintiff, in order to make out a *prima facie* case, must provide evidence that the **only reason** for the employer's decision was his being over 40.  Ehrhardt has never undertaken this Herculean task,

5

and cannot meet *Gross*'s new, higher threshold for overcoming a Rule 56 motion in age cases.

To reiterate, the analysis understandably used by the magistrate judge no longer fits an AADEA case. *Gross* categorically presents a new and much higher hurdle for presenting a viable age claim. The *Gross* decision is something this court must live with, unless and until Congress changes it, the Eleventh Circuit ignores it, the Eleventh Circuit certifies it to the Supreme Court of Alabama and gets a response that disagrees with *Gross* for Alabama law purposes, or until the Supreme Court of the United States changes its mind.

A final judgment will be entered.

DONE this 4th day of January, 2011.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE